AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
APR - 6 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

In the Matter of the Search of )
)
2021 Chrysler Pacifica VIN # 2C4RC1BG0MRS33492, NC TAG ) Case No. 1:23-mj- 32-BWR
# KEM7847, registered to Inmer Mendoza Reyes . Located at )
Deep South Towing 11717 Highway 57, Vancleave, Jackson )
County, Mississippi )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A, attached hereto and incorporated by reference.

located in the  Southern  District of  Mississippi , there is now concealed

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 31 U.S.C. § 5332(a)(1) | Bulk Cash Smuggling Out of the United States |
| 8 U.S.C. § 1324(a)(1)(A)(ii) | Unlawful Transportation or Moving of an Alien within the United States |
| 18 U.S.C. § 371 | Conspiracy to Commit Bulk Cash Smuggling Out of the United States |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Jonathan A. Rayner, Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 4/6/2023

_____
Judge's signature

City and state:  Gulfport, Mississippi

Bradley W. Rath, United States Magistrate Judge
Printed name and title



**FEDERAL BUREAU OF INVESTIGATION**

**AFFIDAVIT FOR SEARCH WARRANT**

<u>STATE OF MISSISSIPPI</u>                                                             <u>SOUTHERN DISTRICT</u>

This day personally appeared before me, the undersigned judicial officer of said county,

**Jonathan A. Rayner**
**Federal Bureau of Investigation**
**Jackson Division**

After having been duly sworn, I, Jonathan A. Rayner, being duly sworn, state as follows:

1. I am currently employed as a Deputy by the Jackson County Sheriff's Office (JCSO), assigned to the Federal Bureau of Investigation (FBI) Safe Streets Task Force, Jackson Division, Pascagoula Resident Agency in Mississippi as a Task Force Officer. Your Affiant has been employed by the JCSO for approximately three and one-half years. Your Affiant's current primary duties at the FBI include investigation of organized narcotics traffickers. During my law enforcement tenure, I have received training and experience in surveillance tactics, interview and interrogation, search and seizure, forfeiture procedures, and criminal interdiction. During the course of my career, I have participated in numerous narcotics investigations, which have led to the arrest and prosecution of persons involved in the illegal trafficking of controlled substances. I have written and executed numerous search warrants, utilized confidential sources, conducted undercover investigations, including the undercover purchase of illegal narcotics, and initiated seizure of property and U.S. currency that was linked to illegal narcotics activity. I have also participated in the investigations of large-scale drug trafficking organizations. During these investigations, confidential sources, telephone record analysis, seizures, and wire and electronic communications intercepts were successfully used to identify leaders, co-conspirators, customers, and supply sources of drug trafficking organizations.

2. Your affiant(s) has good reason to believe and do believe that certain things hereafter described are now being concealed in or about the following place in Jackson County, MS:

**Vehicle described below located at Deep South Towing 11717 Highway 57, Vancleave, Jackson County, Mississippi.** The vehicle described is a 2021 Chrysler Pacifica VIN # 2C4RC1BG0MRS33492, NORTH CAROLINA LICENSE PLATE # KEM7847, registered to Inmer Mendoza Reyes of Raeford, North Carolina 28376. This vehicle presently is impounded by law enforcement and located in the Southern District of Mississippi.

3. That the vehicle described above is believed to be owned by Inmer Mendoza Reyes; but, has

been impounded by law enforcement as a vehicle used in commission of a crime, and presently is being stored and controlled by **Deep South Towing 11717 Highway 57, Vancleave, MS which is in Jackson County, MS.**

4. That the aforesaid thing(s) is particularly described as follows:

   **Evidence of violation of Title 31, United States Code Section 5332(a)(1) and (b) – Bulk Cash Smuggling; Title 18, United States Code Section 371 – Conspiracy to Bulk Cash Smuggle; Title 8, United States Code Section 1324(a)(1)(A)(ii) – Unlawful Transportation of an Alien Within the United States; and/or Title 21 USC 841(a)(1) and 846 – Unlawful Possession, Manufacture, Distribution or Intent and or Conspiracy to do so, regarding a controlled substance, and more specifically described as including:**

   **Bulk cash smuggling of U.S. Currency to Mexico, as well as unlawful possession, manufacture, distribution or intent and/or conspiracy to do so regarding a controlled substance, drug paraphernalia, illicit contraband, bulk U.S. currency being unlawfully transported to Mexico, drug ledgers, documents, articles of constructive possession, and those items contained on the sheet labeled Exhibit A, which is attached hereto, made part hereof, and adopted herein by reference.**

5. That possession of the above-described illicit contraband is in itself unlawful (or the public has a primary interest in, or primary right to possession of, the above described things), in that said things are: **Violations of Title 31, United States Code Section 5332(a)(1) and (b); Title 18, United States Code Section 371; Title 8, United States Code Section 1324(a)(1)(A)(ii); and and/or Title 21 USC 841(a)(1) and 846 more specifically described as: Bulk cash smuggling of U.S. Currency to Mexico, as well as unlawful possession, manufacture, distribution or intent and/or conspiracy to do so regarding a controlled substance, drug paraphernalia, illicit contraband, bulk U.S. currency being unlawfully transported to Mexico, drug ledgers, documents, articles of constructive possession, and those items contained on the sheet labeled Exhibit A, which is attached hereto, made part hereof, and adopted herein by reference.**

6. **The facts tending to establish the foregoing probable cause grounds for issuance of a Search Warrant are as follows:**

   a. On or about April 4, 2023, at approximately 9:55PM, an United States Border Patrol Agent assigned to the Federal Bureau of Investigation (FBI) led High Intensity Drug Trafficking Area (HIDTA) task force was patrolling Interstate 10 in Jackson County, Mississippi. The Agent observed a 2021 Chrysler Pacifica bearing North Carolina license plate KEM7848 (Per North Carolina registration card is registered to Inmer Mendoza Reyes at a residence in Raeford, North Carolina) pass his location. The Agent determined on or about March 8, 2023, the vehicle had crossed a Border Patrol checkpoint located in Kingsville, Texas. The Agent further determined the vehicle had traveled from North Carolina to Houston, Texas on multiple occasions since March 8, 2023. After observing what appeared to be the same Chrysler Pacifica bearing the same North Carolina license plate number KEM7848 make a traffic infraction, the Agent (who is county deputized to

enforce traffic regulations) initiated a vehicle stop at about Mile Marker 59 on I-10 westbound in or near Gautier, Mississippi.

b. Upon approaching the vehicle, the Agent identified themself and asked the driver of the aforementioned vehicle, later identified as Inmer Mendoza Reyes, to return to the Agent's vehicle to discuss the reason for the stop and to conduct a records check. When asked if there was more than $5,000 in United States Currency (USC) in the vehicle, Mendoza Reyes changed his body posture and stated there was no USC in the vehicle. The Agent then asked Mendoza Reyes if there were any hidden compartments in the vehicle. Mendoza Reyes began noticeably breathing heavier and paused for several seconds before answering, "No." The Agent then spoke with the passenger of the vehicle who advised there was approximately $900 USC in the glove box of the vehicle. The Agent then asked Mendoza Reyes for consent to search the vehicle. Mendoza Reyes provided consent to search the vehicle. The Agent then deployed his canine partner, "Ice" for a canine sniff. The Agent advised the canine displayed alert behavior to a trained odor at the front passenger door. The canine then jumped in the vehicle through an open window without direction. The canine sat in indication with a pin-point stare at the dashboard area of the vehicle. The Agent began the search where the canine indicated and a large amount of USC was discovered in a drink cup holder that pulled out from the dash area. The Agent then read both Mendoza Reyes and the passenger their Miranda Rights and both waived their Miranda Rights. Mendoza Reyes then informed the Agent the USC was his money and was approximately $35,000.

c. Mendoza Reyes' passenger was determined to be an adult citizen of Mexico, identified as Jose Cleyman Morales-Sanchez. Morales-Sanchez had in his possession his Mexican Passport; but, did not present to the Border Patrol Agent any document that would authorize his lawful presence in the United States. The Agent determined that Morales-Sanchez was an alien unlawfully present in the United States.

d. After finding additional unusual items, Mendoza Reyes was asked to follow the Agent in the vehicle to the Gautier (Mississippi) City Garage so the vehicle could be further inspected. Mendoza Reyes consented to moving his vehicle and proceeded to drive the aforementioned vehicle, following the Agent, to the Gautier City Garage.

e. Upon arrival to the Gautier City Garage, the Agent was met by other law enforcement officers. The Agent noticed the radio housing in the vehicle was loose as if it had been taken apart in the past. The Agent had difficulty removing the radio which is not common as the radio is only held in with plastic clip strips. The Agent then noticed an aftermarket screw which was preventing the radio from being removed. After partially pulling out the radio, the Agent noticed what appeared to be a black metal trap door. The Agent pried the aforementioned trap door partially open and located bundles of USC in the dashboard. The USC was rubber banded and placed in Ziploc bags. The Agent located eight (8) Ziploc bags of USC in the dash. An official bank count of the USC amounted to approximately $363,099.25 in USC.

f. Mendoza was then transported to the South Mississippi Metro Enforcement Team

(SMMET) office to be interviewed. On or about April 5, 2023, at approximately 12:35AM, an FBI Task Force Officer (TFO) and a Jackson County Sheriff's Office (JCSO) Deputy conducted an interview of Mendoza Reyes. The interview was conducted primarily in Spanish with the JCSO Deputy, a native Spanish speaker, acting as the translator. Mendoza Reyes was again read his Miranda Rights. Mendoza Reyes again agreed to waive his Miranda Rights via both verbal and written consent. During the interview, Mendoza Reyes stated he purchased the aforementioned Chrysler Pacifica for his brother, Wualberto Mendoza Reyes (hereinafter referred to as "Wualberto"), since his brother could not purchase the vehicle himself. Mendoza Reyes further stated Wualberto put a concealed compartment in the vehicle. Wualberto informed Mendoza Reyes the concealed compartment was loaded with $364,000 in USC. Wualberto then asked Mendoza Reyes to drive the vehicle from his residence in North Carolina to Houston, Texas.

g. Upon arrival in Houston, Texas Mendoza Reyes was instructed to call Wualberto and receive further instructions on where to leave the vehicle. At that time, another party would take possession of the vehicle. Mendoza Reyes was instructed to fly back from Houston to North Carolina. Mendoza Reyes stated after asking him to drive the vehicle to Houston, Texas, Wualberto then flew from North Carolina to Chiapas, Mexico for a family emergency where Wualberto remained at the date of this interview. Mendoza Reyes further stated he did not know what the family emergency was but believed Wualberto's son may have contracted Covid-19. Mendoza Reyes advised the interviewing TFO and JCSO Deputy that he knew logically the transportation of the money was illegal and believed the USC was illegal proceeds of some sort, but never directly asked his brother, Wualberto, what the money was derived from. Mendoza Reyes also stated his passenger, who was an employee of Mendoza Reyes' tree service business, was in the United States of America illegally. Mendoza Reyes advised the interviewing officers he knowing and willingly transported his passenger across state lines knowing the passenger was an illegal alien unlawfully in the United States of America.

h. On or about April 05, 2023 the FBI received a phone call from another federal agency, advising they had a Confidential Human Source (CHS), reporting on the criminal enterprise involving aforementioned vehicle. The CHS stated the aforementioned vehicle had two (2) concealed compartments "traps". One in the dashboard and one in the rear of the vehicle. The FBI does not know the identify of the CHS. Therefore, the FBI cannot make a determination of the credibility and reliability of the CHS. The information provided by the CHS in reference to the dashboard was however accurate, given the findings of law enforcement during this investigation.

7. Due to the aforementioned facts and circumstances, TFO Rayner is requesting a "Search Warrant be granted for the described vehicle, which is **located at Deep South Towing 11717 Highway 57, Vancleave, Jackson County, Mississippi**. This request is made in order to gather all evidence related to bulk cash smuggling, unlawful transportation of an alien within the United States and/or illegal narcotics activity.

8. It is requested that all U.S. currency or assets that are seized and that might be subject to asset

forfeiture proceedings under Title 21, Sections 881 et seq of the United States Code be released physically or transferred to the appropriate agency, whether state or federal, or by either depositing the currency in an appropriate bank account or by converting the currency into a cashier's check or other acceptable negotiable instrument to be deposited into an appropriate account, or physically transferred to the custody of the United States Marshal's Service for forfeiture proceedings.

WHEREFORE, affiants request that a **"SEARCH WARRANT"** be issued directing a search of the above described vehicle and seizure of the above described things.

_____
Affiant - Jonathan A. Rayner
Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed before me on this date: April \_\_6th\_\_, 2023

_____
Bradley W. Rath
United States Magistrate Judge

## ATTACHMENT A

### Property to be Searched

The property to be searched was seized by law enforcement on or about April 4, 2023.

**The property to be searched is the vehicle described below is located at Deep South Towing 11717 Highway 57, Vancleave, Jackson County, Mississippi.**

**The vehicle is described is 2021 Chrysler Pacifica VIN # 2C4RC1BG0MRS33492, NORTH CAROLINA LICENSE PLATE # KEM7847, registered to Inmer Mendoza Reyes of Raeford, North Carolina 28376.**

This vehicle presently is impounded by law enforcement and located in the Southern District of Mississippi.

**That the vehicle described above is believed to be owned by Inmer Mendoza Reyes; but, has been impounded by law enforcement as a vehicle used in commission of a crime, and presently is being stored and controlled by Deep South Towing 11717 Highway 57, Vancleave, MS which is in Jackson County, MS.**

This warrant authorizes the search and examination of the vehicle referenced above for the purpose of identifying and obtaining evidence and information described in Attachment B.

# ATTACHMENT B

## Property to be Seized

1) Books, records, receipts, notes, address and telephone books, ledgers, other papers, and computers, computer software, computer discs and contents; word processors and contents; electronic organizers and contents; related to bulk cash smuggling, unlawful transportation of an alien, or drug trafficking and/or which may identify: drug related transactions; the names, telephone numbers, and addresses of drug suppliers, drug, cash or alien trafficking associates and customers; travel related to drug trafficking; the accumulation and expenditures of drug proceeds; the concealment of drug and/or smuggling proceeds; assets acquired with drug and/or smuggling proceeds; and locations used to facilitate drug, cash or alien smuggling or trafficking.

2) U.S. Currency, books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier check receipts, passbooks, bank checks and other items evidencing the acquisition, secreting, transfer, and/or concealment of asset and/or the acquisition, secreting, transfer concealment and/or expenditure of money, safe deposit box records, and/or keys.

3) Telephone digital, non-verbal cellular telephone communications, and voice pagers, including any stored information contained in said papers or cellular telephones; stored information contained on any telephone answering machines and/or tapes; and any incoming/outgoing calls or information received from the execution of this warrant until the return of this warrant as it relates to said telephone digital, cellular communications, or voice pages, and telephone answering machines.